**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Rohn Martin ISHMAEL, Defendant–
Appellant.**

**No. 02–40056.**

United States Court of Appeals,
Fifth Circuit.

Aug. 21, 2003.

Kathleen A. Felton (argued), U.S. Dept. of Justice, Crim. Div., App. Section, Washington, DC, Richard Lee Moore, Asst. U.S. Atty., Tyler, TX, for Plaintiff–Appellee.

G. Patrick Black, Fed. Pub. Def., Amy R. Blalock and Wayne R. Dickey (argued), Asst. Fed. Pub. Defenders, Tyler, TX, for Defendant–Appellant.

Before EMILIO M. GARZA and DENNIS, Circuit Judges, and HEAD,* District Judge.

EMILIO M. GARZA, Circuit Judge:

Federal prisoner Rohn Martin Ishmael appeals the district court's denial of his 28 U.S.C. § 2255 petition for habeas relief. The district court granted a certificate of appealability on whether law enforcement officers violated Ishmael's Fourth Amendment rights by employing, without a warrant, thermal imaging devices to detect heat emanating from a hydroponic laboratory located in a commercial building on Ishmael's property.

Ishmael originally raised his Fourth Amendment challenge in a pre-trial motion to suppress. Following our rejection of this claim on interlocutory appeal in *United States v. Ishmael*, 48 F.3d 850 (5th Cir.1995), Ishmael entered a plea of guilty but "reserve[d] the right" in the plea agreement to bring a collateral challenge in the event the use of thermal imaging technology was subsequently declared unconstitutional. The instant petition is based on the Supreme Court's decision in *Kyllo v. United States*, 533 U.S. 27, 40, 121 S.Ct. 2038, 150 L.Ed.2d 94 (2001), which held that the warrantless use of thermal imaging technology to measure heat emanating from a home constituted a presumptively unreasonable search.

We do not reach the merits of Ishmael's § 2255 petition because we hold that he had a full and fair opportunity to litigate his Fourth Amendment claim in pre-trial proceedings and on direct appeal. Accordingly, collateral review of that claim is barred by *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). *See United States v. Cook*, 997 F.2d 1312, 1317 (10th Cir.1993) ("[I]t is clear that the [Supreme] Court intends for Fourth Amendment claims to be limited in § 2255 proceedings as they are limited in § 2254 proceedings—*i.e.*, to be addressed only if a defendant has not had a full and fair opportunity to raise the claims at trial and on direct appeal."); *Tisnado v. United States*, 547 F.2d 452, 456 (9th Cir.1976) (same). Although we express no view regarding the effect of *Kyllo* on our previous disposition of Ishmael's Fourth Amendment claim, a change in the law does not, by itself, render prior proceedings any less "full and fair" for purposes of *Stone*. *See Gilmore v. Marks*, 799 F.2d 51, 57 (3d Cir.1986) ("The Courts of Appeals ... have consistently held that an erroneous

* District Judge of the Southern District of Texas, sitting by designation.

determination of a habeas petitioner's Fourth Amendment claim does not overcome the *Stone v. Powell* bar.").

■ Ishmael's Fourth Amendment claim is also barred by *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), because the new constitutional rule of criminal procedure established in *Kyllo* does not apply retroactively to Ishmael's conviction, which was final at the time *Kyllo* was decided. Neither of the exceptions to *Teague*'s non-retroactivity rule applies here. *Id.* at 311–14, 109 S.Ct. 1060.

■ Contrary to Ishmael's contention, nothing in his plea agreement prohibits the Government from opposing his habeas petition based on *Stone* or *Teague*. Moreover, although the Government failed to raise the procedural bars of *Stone* and *Teague* in the district court, we are not precluded from applying those bars on appeal. *See Davis v. Blackburn*, 803 F.2d 1371, 1372–73 (5th Cir.1986) ("Where the record clearly shows that a petitioner had a full and fair hearing in state court, we hold that a federal court is not foreclosed from *sua sponte* applying the principle of *Stone*."); *see also Jackson v. Johnson*, 217 F.3d 360, 361 (5th Cir.2000) ("[A]bsent compelling reasons to the contrary, a federal court should apply *Teague* even when it has been implicitly waived by the State.").

For the foregoing reasons, the district court's denial of Ishmael's § 2255 petition is

AFFIRMED.